JAMES E. HARPER
Nevada Bar No. 9822
TAYLOR G. SELIM
Nevada Bar No. 12091
**HARPER | SELIM**
1707 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
Phone: (702) 948-9240
Fax:    (702) 778-6600
Email: eservice@harperselim.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY DELGADO, | CASE NO.: |
| Plaintiff, | |
| vs. | **STATE FARM'S PETITION FOR REMOVAL** |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendants. | |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its attorneys, HARPER | SELIM, hereby remove this action to the United States District Court for the District of Nevada.

The basis of removal is as follows:

1. This Court has original jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. § 1332 in that there is complete diversity between the parties and more than $75,000 in controversy, exclusive of interest and costs.

2. State Farm, is an Illinois corporation with its principal place of business in that state, and is authorized to transact insurance under the laws of the State of Nevada. State Farm is a defendant in the above-entitled action now pending in the District Court, Clark County, Nevada, Case No. A-18-773327-C, Dept. VIII. It is alleged in the c

Complaint that the Plaintiff, Anthony Delgado (hereinafter "Plaintiff"), is a resident of the State of Nevada.

3. With respect to the amount in controversy, the allegations in the Complaint coupled with the documents contained in the claims file establish an amount in controversy in excess of $75,000. For instance, the claims file documents, which are incorporated in full by this reference, show that Plaintiff qualifies as an insured under a State Farm automobile policy with underinsured motorist ("UIM") benefits of $250,000 per person, per accident. Plaintiff has incurred $56,523.36 in special damages that he attributes to the subject accident. Plaintiff has demanded payment of his entire $250,000 UIM policy limits. As of the date of this Notice of Removal, State Farm has paid Plaintiff $33,741.59 in UIM benefits; therefore, from a contractual standpoint, alone, there is $216,258.41in controversy. The Complaint, moreover, seeks general damages; special damages; punitive damages; interest; attorneys' fees and costs; and such other relief at law and equity. The file materials, coupled with the allegations of the Complaint, therefore, establish that the amount in controversy is above the $75,000 jurisdictional threshold. *See e.g., Hunter v. United Van Lines*, 746 F.2d 635 (9th Cir. 1984) (holding that in cases involving a single plaintiff, the aggregate value of the plaintiff's claims may be used to meet the $75,000 amount in controversy requirement); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818 (6th Cir. 2006); *Long John Silver's, Inc. v. DIWA III, Inc.*, 650 F.Supp.2d 612 (E.D. Ky. 2009); *Iglesias v. Mutual Life Ins. Co.*, 918 F.Supp. 31 (D. P.R. 1996).

In addition, this Court may also consider insurance bad faith verdicts in Nevada as further evidence in establishing the requisite amount in controversy. *McCaa v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d. 1143 (D. Nev. 2004). Representative verdicts include: *Tracy v. American Family*, 2:09-cv-01257-GMN-PAL (in a September 2010 insurance bad faith case, the jury just awarded $50,000 for breach of contract, and then awarded an additional $150,000 in "general damages" for violation of NRS 686A.310; no award for punitive damages); *Republic Ins. Co. v. Hires*, 107 Nev. 317 (1991) (in an insurance bad faith case, the jury awarded $450,000 for compensatory damages and $22.5 million for punitive damages); *Guaranty Nat'l v. Potter*, 112 Nev. 199 (1996) (in an insurance bad faith case, the jury awarded $75,000 for general compensatory damages even though the insureds

were "out-of-pocket" only $4,000; and awarded punitive damage award of $1,000,000); *Albert H. Wholers & Co. v. Bartgis*, 114 Nev. 1249 (1998) (in an insurance bad faith case, the jury awarded $8,757 for "out-of-pocket" damages; $750,000 for general damages; and $7,500,000 in punitive damages against the insurance company); *Merrick v. Paul Revere Life*, 594 F. Supp. 2d 1168 (D. Nev. 2008) (in an insurance bad faith case, the jury awarded $30,000,000 in punitive damages). When all of this evidence is taken together, it is clear that the amount in controversy exceeds $75,000, and that the requirements set forth in 28 U.S.C. § 1332 have been met. As such, removal to federal court based upon diversity jurisdiction is appropriate.

4.  The Notice of Removal is timely. Service of the complaint was effected on State Farm Law Department on April 26, 2018. Pursuant to 28 U.S.C. § 1446 (b)(3), State Farm now timely removes the action to the United States District Court for the District of Nevada.

5.  A copy of the Complaint, Summons, and Service of Process are attached hereto as Exhibit "A."

6.  State Farm has concurrently filed a copy of this Petition for Removal with the Clark County District Court Clerk, and has served a copy of this upon Plaintiff.

Based on the foregoing, State Farm removes the above action now pending in the Eighth Judicial District Court, Case No. A-18-773327-C, Dept. VIII, to this Court.

DATED this 16th day of May 2018.

**HARPER | SELIM**

_____
JAMES E. HARPER
Nevada Bar No. 9822
1707 Village Center Circle, Suite 140
Las Vegas, NV 89134
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5(b) of the Nevada Rules of Civil Procedure, I hereby certify under penalty of perjury that I am an employee of HARPER | SELIM and that on the 16th day of May 2018, the foregoing **STATE FARM'S PETITION FOR REMOVAL** was served upon those persons designated by the parties in the E-Service Master List for the above referenced matter in the Eighth Judicial District Court eFiling System in accordance with the mandatory electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules:

Michael F. Bohn, Esq.
Adam R. Trippiedi, Esq.
LAW OFFICES OF MICHAEL F. BOHN
376 East Warm Springs Road, Suite 140
Las Vegas, NV  89119
*Attorney for Plaintiff*

*/s/ Lisa C. Johnson*
An Employee of
HARPER | SELIM

Exhibit "A"

## SERVICE OF PROCESS

Questions regarding the attached Service of Process should be directed to the person/section of the Law Department checked in the bottom section below.

The attached papers were:

☒ **Personally served upon:**

    Cassandra Arbuckle      June Bain      (Rod Dierker)

    Kate Lyons      Christy Herald

    Kalene Hornsby      Jeanette L. Kaufman

*Rec'd in Law Dept.*
*APR 26 2018*
*Litigation Section B-3*

Or

☐ *Received by mail in the Office of the Corporate Secretary*

**On (date)** 10:32a
4/26/18

After receipt, the attached papers were then forwarded to one of the following sections of the Law Department:

☒ **Summons - Litigation Coordinators**

    Jason Cook (alias JOWG) 309-735-0796

    Valerie Coombs (alias HG9V) 309-763-1890

    Other_____

☐ **Summons (SF Bank) - Bank Section**

    Amanda Wrage (alias EGP0) 309-766-6990

    Other_____

☐ **Summons / Garnishment of Wages - HR/Agency & Counseling Section**

    Lisa Craghead (alias NHW8) 309-766-1936

    Other_____

☐ **Subpoenas - Law Department's Subpoena Intake Section**

    Renea Calvert (alias JWLP) 309-766-0973

    Other_____

Electronically Issued
4/23/2018 3:26 PM

1 **SUMM**
MICHAEL F. BOHN, ESQ.
2 Nevada Bar No.: 1641
ADAM R. TRIPPIEDI, ESQ.
3 Nevada Bar No.: 12294
MICHAEL F. BOHN, ESQ., LTD.
4 376 East Warm Springs Road, Suite 140
5 Las Vegas, Nevada 89119
(702) 642-3113
6 Attorney for Plaintiff

7
DISTRICT COURT
8
9 CLARK COUNTY, NEVADA
10

11 ANTHONY DELGADO

12      Plaintiff,
                                                    CASE NO. A-18-773327-C
13 vs.
                                                    DEPT. NO.  Department 8
14
STATE FARM MUTUAL AUTOMOBILE
15 INSURANCE COMPANY,

16      Defendant.

17
**SUMMONS - CIVIL**
18 **NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ
19 THE INFORMATION BELOW.**
20

21 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
22
23 **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for
the relief set forth in the Complaint.
24

- 1 -

Case Number: A-18-773327-C

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted By:

By: _____
MICHAEL F. BOHN, ESQ.
ADAM R. TRIPPIEDI, ESQ.
376 E. Warm Springs Rd. Suite 140
Las Vegas, NV 89119
Attorney for plaintiff

STEVEN D. GRIERSON
CLERK OF COURT

By: Teresa Cameron
Deputy Clerk      Date 4/23/2018
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89101

- 2 -

Electronically Filed
4/23/2018 3:25 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
MICHAEL F. BOHN, ESQ.
Nevada Bar No.: 1641
mbohn@bohnlawfirm.com
ADAM R. TRIPPIEDI, ESQ.
Nevada Bar No. 12294
atrippiedi@bohnlawfirm.com
LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.
376 East Warm Springs Road, Ste. 140
Las Vegas, Nevada 89119
(702) 642-3113/ (702) 642-9766 FAX

Attorney for plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ANTHONY DELGADO, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br><br> Defendant. | CASE NO.: A-18-773327-C <br> DEPT NO.: Department 8 |

## **COMPLAINT**

Plaintiff Anthony Delgado, by and through his attorneys, the Law Offices of Michael F. Bohn, Esq., Ltd., alleges as follows:

1. Plaintiff Anthony Delgado is a resident of Clark County, Nevada.

2. Defendant State Farm Mutual Automobile Insurance Company ("defendant" or "State Farm") was and is a foreign corporation formed in Illinois and doing business in Clark County, Nevada..

3. On June 12, 2014, plaintiff Anthony Delgado was a properly restrained passenger in a private automobile operated by nonparty Brigitte LaRowe in Clark County, Nevada.

4. The automobile in which plaintiff was a passenger was traveling north on Jones Boulevard toward the intersection with Harmon Avenue.

5. As the automobile in which plaintiff was traveling lawfully entered the intersection against a green stoplight, a second automobile, operated by nonparty Luba Sperber, was traveling south on Jones

Boulevard when Ms. Sperber took an illegal left turn, against a stoplight flashing a yellow yield symbol, in front of Mr. Delgado's vehicle, causing an accident.

6. As a result of the accident, plaintiff sustained severe physical and mental injuries resulting in pain and suffering; disability; and loss of enjoyment, all or some of which may be permanent in nature, and was transported to the hospital via ambulance.

7. As a further direct and proximate result of the acts and omissions of Sperber, plaintiff incurred expenses for medical care and treatment and expenses incidental thereto, and will continue to incur expenses for medical care and treatment.

8. As a further result of his injuries, plaintiff has been unable to perform many household and leisure activities he was able to perform prior to the accident.

9. Sperber failed to use due care in the operation of her vehicle and as a direct and proximate cause of her negligent operation of her vehicle, she caused the accident and plaintiff's severe injuries.

10. Sperber carried insufficient insurance coverage to cover plaintiff's damage.

11. On the date of the subject accident, defendant State Farm insured plaintiff for the type of damages plaintiff suffered in the accident under an Uninsured/Underinsured Motorist rider providing coverage for damages suffered as a direct and proximate result of the negligence of other vehicle operators where the other vehicle operator has insufficient insurance coverage.

12. Plaintiff has fully complied with the terms of the subject insurance policy and is entitled to recover for damages sustained during the accident.

13. State Farm has failed to honor the terms of its insurance contract as relates to plaintiff's damages resulting from the accident.

14. Despite plaintiff's demands, State Farm has refused to honor plaintiff's request for payment under the applicable insurance provisions.

15. As a direct and proximate result of State Farm's breach of contract, plaintiff has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

16. Plaintiff has had to employ the services of an attorney and is entitled to an award of attorneys' fees, costs and interest.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For general damages and special damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2. For punitive or exemplary damages in a sum in excess of Fifteen Thousand Dollars ($15,000.00);

3. For an award of attorney's fees, costs of suit and interest as allowed by law;

4. For such other and further relief as to the Court may seem just and proper in the premises.

DATED this 23rd day of April, 2018.

LAW OFFICES OF
MICHAEL F. BOHN, ESQ., LTD.


By: /s/ *Adam R. Trippiedi, Esq.*
Michael F. Bohn, Esq.
Adam R. Trippiedi, Esq.
376 East Warm Springs Road, Suite 140
Las Vegas, Nevada 89119
Attorneys for plaintiff